UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES L. HIGHTOWER, | : |
| Plaintiff, | : Civ. No. 19-615 (FLW) (DEA) |
| v. | : |
| LAKEWOOD POLICE DEPT. et al., | : **MEMORANDUM OPINION** |
| Defendants. | : |

# FREDA L. WOLFSON, U.S.D.J.

Plaintiff, James L. Hightower ("Hightower" or "Plaintiff"), who is presently detained at the Ocean County Jail, in Toms River, New Jersey, filed *pro se* with the Court a complaint alleging claims under 42 U.S.C. § 1983. The filing fee for a civil complaint is $400.00. If a prisoner plaintiff is proceeding *in forma pauperis*, the fee is $350.00, subject to being paid in installments as described below.

A party who seeks to proceed *in forma pauperis* must submit an affidavit, including a statement of all assets, stating that the party is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). A prisoner[1] applying to proceed *in forma pauperis* must also submit a certified copy of an inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each institution at which he was or is confined. *See id*.

---

[1] For the purposes of granting *in forma pauperis* status, "prisoner" is defined as including "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Even if a prisoner is granted *in forma pauperis* status, he must pay the full amount of the filing fee of $350.00 in installments. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2). The deductions will continue until the $350.00 filing fee is paid.

Even if the necessary fees are paid and the complaint is accepted for filing, the Court may nevertheless immediately dismiss the case. The Court must review the complaint and dismiss it if it finds that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A; 42 U.S.C. § 1997e.

If the plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

In this case, Hightower has submitted an application to proceed *in forma pauperis* on the form intended for non-prisoner. (*See* ECF Nos. 1-1 & 1-2.) This *in forma* pauperis application fails to comply with the requirements of 28 U.S.C. § 1915(a)(2), as it does not include the required certified inmate account statements for the six months preceding filing. Accordingly, Hightower's application to proceed *in forma pauperis* is denied without prejudice. The Clerk will be ordered to administratively close this case. Hightower may reopen this action, however, by either paying the filing fee or submitting a proper *in forma pauperis* application and complete certified account statement.

An appropriate order follows.

DATED: March 29, 2019                                      /s/ Freda L. Wolfson
                                                           FREDA L. WOLFSON
                                                           United States District Judge